# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD M. SCHLESER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 04 C 4286 |
| INTERNATIONAL ASSOCIATION OF | ) |
| MACHINISTS AND AEROSPACE WORKERS | ) |
| and UAL CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Richard M. Schleser, Jr. has brought this action pursuant to the Labor Management Relations Act, 29 U.S.C. § 185 ("the LMRA" or "the Act"), against UAL Corporation ("United"), his former employer, and the International Association of Machinists and Aerospace Workers ("IAMAW"), the union that represented him while employed by United. Schleser alleges that United unlawfully suspended him without pay, and that IAMAW breached its duty of fair representation by failing to file a grievance in response to his suspension.

United has notified the court of its pending bankruptcy, which operates to stay the present claims against it. See 11 U.S.C. § 362(a). IAMAW has moved to dismiss the complaint for lack of subject matter jurisdiction. Schleser has failed to respond.

The only basis for federal subject matter jurisdiction set

out in the complaint is the LMRA. That statute, however, does not cover any of the parties in this case. Expressly excluded from the definition of "employer" under the Act is "any person subject to the Railway Labor Act [45 U.S.C. § 151, *et seq.*]." 29 U.S.C. § 152(2). United is a "common carrier by air" subject to the Railway Labor Act, see 45 U.S.C. § 181, and therefore is not an "employer" under the LMRA. Similarly, an "employee" under the LMRA "shall not include . . . any individual employed by an employer subject to the Railway Labor Act . . . ." 29 U.S.C. § 152(3). Schleser, who alleges he was an employee of United, was not an employee as defined by the LMRA. Finally, a "labor organization" under the LMRA is an organization "in which *employees* participate and which exists for the purpose, in whole or in part, of dealing with *employers* . . ." 29 U.S.C. § 152(5) (emphasis added). Since United is not an employer and Schleser is not an employee under the LMRA, the IAMAW cannot be a "labor organization" as defined by the Act. See Strasburger v. Bd. of Educ., 143 F.3d 351, 359-60 (7th Cir. 1998); Davenport v. IBT, 166 F.3d 356, 365 (D.C. Cir. 1999).

Because the LMRA, the only asserted basis for federal subject matter jurisdiction, does not apply to Schleser's claims, the complaint must be dismissed. The dismissal is without prejudice, and Schleser may have until April 15, 2005 to file an amended complaint. Failure to do so will result in a dismissal with prejudice.

```
DATE:     March 15, 2005

ENTER:    _____
          John F. Grady, United States District Judge
```